BOARDMAN, Judge.
Leonard McCullough was tried by a jury on the charges of rape in Count One; of assault with a deadly weapon in Count Two; and of possession of a firearm by a convicted felon in Count Four of an information. The jury found him guilty of each offense. The trial judge adjudicated McCullough guilty as charged and sentenced him to a term of life for rape, five (5) years for the assault and thirty (30) years for possession of the firearm.
The grounds relied on by the appellant for reversal have been carefully considered in the light of the record and briefs and able oral argument of appellant’s counsel and we find no reversible error has been shown. The record discloses that the case was fairly tried and vigorously and ably contested by both counsel for the state and representative of the public defender’s staff. There is sufficient competent evidence to support the jury verdicts.
Appellant attacks the court’s ruling in permitting the state, upon motion made prior to the commencement of the trial, to amend Count Four of the information by striking the word “concealed” from the said Count. His contention that such action was prejudicial is not well founded. The trial judge acted within his sound judicial discretion in granting the motion. See 3.140(o), CrPR, 33 F.S.A.
The trial judge, as stated, sentenced appellant to a term of thirty (30) years for the offense of possession of a firearm by a convicted felon. A study of the applicable statute leads us to conclude that this sentence was in excess of the sentence permissible under Section 790.23, Florida Statutes, F.S.A., as provided in Sections 775.082, 775.083 or 775.084, supra. Any person found guilty of violating Section 790.23, supra, is guilty of a felony in the second degree. The trial judge stated, at the conclusion of the trial, that the said offense was a felony in the first degree, which it is not. The thirty (30)-year sentence imposed under these circumstances was improper and excessive.
Accordingly, the judgments and sentences imposed on the rape and assault charges are affirmed. The judgment imposed on the possession of a firearm by a convicted felon is affirmed, but the sentence thereon is reduced to fifteen (15) years as provided in Section 775.082, supra, and the trial judge, upon remand, is directed to take appropriate action consistent with this phase of the opinion.
MANN, C. J., and McNULTY, J., concur.